UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LUKE HOTTMANN, a seaman,  6:15-CV-541-TC

Plaintiff,

v.  FINDINGS & RECOMMENDATION

HATCH MARINE ENTERPRISE, LLC, an
Idaho limited liability company, *in personam*;
BRYCE HATCH, an Idaho resident, *in
personam*; and the F/V NEWFIE
ADVENTURE; a fishing vessel, her tackle,
gear, furniture, apparel and equipment, *in rem*,

Defendants.

COFFIN, Magistrate Judge:

This is an admiralty and maritime action brought pursuant to the Jones Act in which plaintiff alleges he was injured while working aboard the F/V NEWFIE ADVENTURE. Defendants deny that plaintiff was injured on the F/V NEWFIE ADVENTURE and contend that any injury plaintiff had occurred after his time aboard the vessel. The action was removed to this court on the basis of both diversity and original jurisdiction.

Page 1 - FINDINGS & RECOMMENDATION

Presently before the court is plaintiff's motion (#52) for partial summary judgment on the maintenance and cure claim and defendants' motion (#55) for partial summary judgment on punitive damages. For the reasons stated below, the motions should be denied.

## STANDARDS

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably

Page 2 - FINDINGS & RECOMMENDATION

be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## DISCUSSION

The parties agree that plaintiff sought and received treatment for a back injury. They disagree on whether any injury had occurred on the vessel.

The underlying factual issue on the element of causation affects both parties' motions for partial summary judgment. After the court draws all reasonable inferences in favor of the nonmovant for each motion, it is apparent a trial is the best course of action at this time. Even if there were not manifest factual disputes present, it would be better to proceed to a full trial on the claims because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990).

## CONCLUSION

Plaintiff's motion (#52) for partial summary judgment on the maintenance and cure claim should be denied.

Defendants' motion (#55) for partial summary judgment on punitive damages should be denied.

DATED this 3 day of October, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

Page 3 - FINDINGS & RECOMMENDATION