IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LUKE HOTTMANN,**

    Plaintiff,

v.

**BRYCE HATCH,** *et al*,

    Defendants.

**Civ. No. 6:15-cv-00541-TC**

OPINION and ORDER

MCSHANE, Judge:

    Magistrate Judge Thomas M. Coffin filed a Findings and Recommendation (ECF No. 72) and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72. After having reviewed the legal principles and the Defendant's Objections (ECF No. 74), I find no error and conclude it is correct. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1998). Judge Coffin's Findings and Recommendation (ECF No. 72) is adopted in its entirety. Plaintiff's Motion for Partial Summary Judgment (ECF No. 52) and Defendants' Motion for Partial Summary Judgment (ECF No. 55) are both **DENIED** for the following reasons.

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

This is an admiralty and maritime action brought pursuant to the Jones Act in which plaintiff alleges his back was injured while working aboard the "FN Newfie Adventure." The parties agree that plaintiff sought and received treatment for a back injury. Defendants deny plaintiff was injured on the boat and contend that any injury occurred after his time on the vessel.

On July 29, 2016, the Defendants filed a Motion for Partial Summary Judgment (ECF No. 55). On September 29, 2016, Judge Coffin heard oral arguments (ECF No. 71), and then issued his Findings and Recommendation (ECF No. 72) on October 3, 2016, recommending that Defendants' motion be denied. On October 19, 2016, Defendants filed their Objections (ECF No. 74). On November 7, 2016, the Plaintiff filed his Response (ECF No. 75).

## STANDARD OF REVIEW

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material issues of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id* at 250.  Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076.  In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the nonmoving party. *Allen v. City of Los Angeles,* 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

In the Defendants' Motion for Partial Summary Judgment, they argue that Plaintiff's punitive damages claim should be dismissed because, "Plaintiff cannot establish the requisite willful and wanton disregard of the maintenance and cure obligation…and there are no grounds upon which to find that Defendants' denial of such benefits was willful or wanton and therefore there are no grounds for a punitive award."  (ECF No. 55 at pp.1-2).

In his Findings and Recommendation, Judge Coffin recommended that Defendants' Motion for Partial Summary Judgment be denied, finding that, "Even if there were not manifest factual disputes present, it would be better to proceed to a full trial on the claims because in the circumstances of this case a fuller record will afford a more substantial basis for decision." (Citing *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255 (1986); *Anderson v. Hodel,* 899 F.2d 766, 770-771 (9th Cir. 1990)).  (ECF No. 72).  In other words, Judge Coffin found that there remains a genuine dispute as to material issues of fact surrounding the plaintiff's injuries and whether or not defendant's actions were wanton and willful.

3 – OPINION AND ORDER

A ship owner's mere assertion that an injury or illness did not occur in the service of the ship is not a conclusive "reasonable basis" or "colorable legal defense" that shields them from a punitive damages or attorneys' fees award. See *Vaughan v. Atkinson*, 369 U.S. 527 (1962); *Deisler v. McCormack Aggregates*, Co., 54 F.3d 1074 (3d Cir. 1995); *Stermer v. Archer-Daniels-Midland Co.*, 140 So.3d 879 (La. Ct. App. 3d Cir. 2014). Because there exists a question regarding whether Defendants' justification for denying Plaintiff's maintenance and cure claim is rooted in pretext or a good faith belief, the claim for punitive damages must go to the jury and Defendants' Motion for Partial Summary Judgment must be denied.

Although Plaintiff did not file any objections to Judge Coffin's Findings and Recommendation which recommended denying their Motion for Partial Summary Judgment (ECF No. 52), I reviewed the legal principles de novo. *United States v. Bernhardt,* 840 F.2d 1441, 1445 (9th Cir. 1998). See also *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983). I find no error and conclude it is also correct.

## CONCLUSION

For these reasons, it is hereby ordered that Magistrate Judge Coffin's Findings and Recommendation (ECF No. 72) is ADOPTED IN ITS ENTIRETY. Plaintiff's Motion for Partial Summary Judgment (ECF No. 52) and Defendants' Motion for Partial Summary Judgment (ECF No. 55) are both DENIED.

IT IS SO ORDERED.

DATED this 14th day of February, 2017.

                                              /s/ Michael J. McShane
                                              Michael J. McShane
                                              United States District Judge